UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-713-BR

| | |
|---|---|
| CHLOE J. SMITH,      )  | |
|     Plaintiff,      )  | |
| )  | |
| v.      )  | ORDER |
| )  | |
| TIMOTHY K. KELLY, et al.,      )  | |
|     Defendants.      )  | |

This matter is before the court on defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (DE # 14.) Plaintiff filed a response in opposition to the motion, a memorandum in support, and a motion "to misjoinder & nonjoinder of parties." (DE ## 20, 21, 22.) Defendants did not file a reply to plaintiff's response or a response to her motion.

On 2 November 2012, U.S. Magistrate Judge James E. Gates granted plaintiff leave to proceed *in forma pauperis* and found plaintiff's complaint survived review under 28 U.S.C. § 1915(e)(2)(B). (DE # 3.) Thereafter, plaintiff's complaint was filed. (DE # 4.) Although plaintiff filed a form complaint for a Title VII action, it appears that she seeks relief under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* She refers to the ADA and its provision concerning associational discrimination, 42 U.S.C. § 12112(b)(4), (Resp., DE # 20, at 2; Mem., DE # 21, at 1), and claims that defendants discriminated against her based on her "relationship with an elderly person with a disability," (Compl. at 3). She names as defendants various individuals apparently employed (or formerly employed) as supervisors with the North Carolina Division of Social Services ("NCDSS"), with whom plaintiff remains employed.

Defendants argue that plaintiff has not alleged sufficient facts that establish the elements of a claim under the ADA. (Mem., DE # 15, at 4-5.) The court disagrees. An employment

discrimination claim need not include specific facts establishing a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion, but "instead must contain only 'a short and plaint statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff's statement of her claim "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotes omitted). "[T]he pleading standard of the Federal Rules of Civil Procedure is 'not onerous.'" Chao v. Rivendall Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94 (citations omitted). In particular, a *pro se* complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted).

Turning to the relevant substantive law, section § 12112(b)(4) of the ADA prohibits discrimination by "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association[.]" 42 U.S.C. § 12112(b)(4). Although plaintiff does not have to include specific facts to establish a *prima facie* case of associational disability discrimination, the elements of such a case are pertinent. Plaintiff must show "that (1) she was in the protected class; (2) she [suffered an adverse employment action]; (3) at the time of [such action], she was performing her job at a level that met her employer's legitimate expectations; and (4) [the adverse employment action] occurred under circumstances that raise a reasonable

2

inference of unlawful discrimination[.]'" Smith v. Bank of Stanly, No. 1:09CV951, 2011 WL 627625, at *27 (M.D.N.C. Feb. 11, 2011) (quoting Ennis v. National Ass'n of Bus. and Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995)) (alterations in original), aff'd, 457 F. App'x 249 (4th Cir. 2011); see also Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1085 (10th Cir. 1997) (identifying elements as "(1) the plaintiff was 'qualified' for the job at the time of the adverse employment action; (2) the plaintiff was subjected to adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision" (citing Ennis, 55 F.3d at 58)).

Considering plaintiff's complaint and supporting documentation, the court concludes that plaintiff has alleged sufficient facts to support a claim for associational discrimination under the ADA. Plaintiff alleges that since her hiring in 2004, NCDSS managers and supervisors have known that plaintiff cares for her parent who has dementia. Plaintiff attached to her complaint work reviews/plans from 2006-2008, which indicate she was performing well in her position. One of plaintiff's allegations refers to "documented counseling" but it goes on to state that it "did not involve any disciplinary action or unsatisfactory job performance or unacceptable personal conduct." (Compl., DE # 4, at 4.) Based on the documentation and this allegation, it appears plaintiff allegedly was performing her job satisfactorily. While plaintiff's allegations pertaining to adverse employment action are not entirely clear, plaintiff does allege that a reorganization took place in December 2008 "because of [her] caregiver duties;" she was assigned to a new work place; managers and her supervisor subjected her to "negative strategic plans;" and "workplace discrepancies or performance deficiencies" were fabricated "to justify

3
Case 5:12-cv-00713-BR   Document 38   Filed 07/25/13   Page 3 of 4

reason to terminate." (Id.; see also Resp., DE # 20, at 4 ("The Plaintiff is claiming job demotion action from Defendants, NC DHHS [sic] reorganization fiasco or debacle of which interrupted the Plaintiff['s] caregiving responsibilities. The reassignment to another unit was higher demand on labor intensive and very low in higher education.").) These allegations are sufficient to put defendants on notice of plaintiff's claim and its grounds.

The court agrees with defendants, however, that plaintiff has not properly named them as defendants. (See Mem., DE # 15, at 4.) The ADA does not provide a cause of action against individual employees. See Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). Appearing to recognize this, plaintiff has filed the motion to "misjoinder & nonjoinder of parties," requesting permission to add the North Carolina Department of Health and Human Services ("NCDHHS"), of which NCDSS is a division, "as the organization that caused employment discrimination." (DE # 22, at 1.) The court construes this motion as one to amend the complaint to add NCDHHS as a defendant. The motion to amend will be allowed.

For the foregoing reasons, defendants' motion is ALLOWED to the extent it seeks dismissal of the individual defendants, and it is otherwise DENIED. Plaintiff's motion to amend the complaint is ALLOWED. NCDHSS is substituted as defendant, and the individual defendants are DISMISSED from this action.

This 25 July 2013.

_____
W. Earl Britt
Senior U.S. District Judge